## No. 3790.—J. H. Rills *v.* Parish of Iberville.

The law which creates the office of parish attorney and authorizes the police juries to fix the salary and emoluments thereof, does not prohibit the police juries from making a contract for increased or extra compensation in particular cases. A contract with the parish attorney for extra compensation is therefore valid and binding upon the parish.

APPEAL from the Fifth Judicial District Court, parish of Iberville. *Posey*, J. *Barrow & Pope*, for plaintiff and appellee. *George Wailes* and *Breaux & Fenner*, for defendant and appellant.

HOWELL, J. The plaintiff, as district attorney *pro tem.* for the parish of Iberville, claims of the said parish six thousand and ninety-five dollars as professional fees for successfully defending the parish in six several suits, involving large amounts. Three thousand dollars of said sum are claimed under a special contract as "additional fees," and three thousand and ninety-five dollars as the five per cent. on the total amount involved in said suits, allowed by the law creating his office. The answer denies the instrumentality of plaintiff in the success in said suits and his right of action against the defendant, and also the legality and validity of the resolution of the police jury authorizing the special contract with plaintiff, "because the parish was fully and ably represented at the time by authorized and compe-

tent counsel, and the employment or pretended employment of said Rills was futile and unwarranted."

When the first of the said six suits was instituted, the police jury adopted a resolution authorizing their president "to engage additional counsel to assist J. Hamilton Rills, parish attorney, in the defense in the case to final decision before the Supreme Court, and to allow said parish attorney additional fees, and to agree on such fees as he may think proper and on such conditions as he may deem proper, taking into consideration the importance and the aggregate of all bonds involved;" their amount being over $35,000, with eight per cent. interest. Accordingly the president employed Messrs. Zenon Labauve and A. & E. B. Talbot, at certain stipulated fees, and agreed to allow plaintiff "as additional fees to attend and defend the suit of Emile L. Breaux v. the Police jury of Iberville to final decision before the district and Supreme Court, one hundred dollars unconditional, to be paid before the case goes up to the Supreme Court, and three thousand dollars besides and exclusive of the said one ˙hundred dollars, if a judgment be rendered in favor of said police jury." The president reported his action to, and it was approved and ratified by, the police jury. The amount claimed in said suit was $1518 20 with eight per cent. interest, for about fifteen months. The plaintiff defended the suit, and judgment was rendered in the Supreme Court in ·favor of the police jury. By the statute creating the office of plaintiff and the resolution of the police jury in relation to the subject, his salary was fixed at $500 per annum, and five per cent. commission on any amount he may recover in any suit in favor of said parish, and a fee of five per cent. on the amount for defending any suit in which said parish is defendant, to be paid by the parish. See R. S., sec. 1186. This law authorized the police jury to require the services of the plaintiff as the attorney of the parish, and to pay him a salary not less than one hundred dollars per annum, "and as much more as the police jury may fix, out of the treasury of such parish quarterly," on his own warrant, and the commissions as above stated. The police jury fixed the annual salary at $500, as already mentioned.

It is contended that under this law and the principle announced in Heistand v. New Orleans, 14 An. 330, and Mandell v. New Orleans, 21 An. 9, it was incompetent for the police jury to make the contract with plaintiff for the additional fee of $3100.

In the cases cited it was held that the officer must be considered as having accepted office with reference to the legislation regulating the duties and the emoluments of the office which he accepted. If no special agreement had been previously made, this doctrine could be successfully invoked against plaintiff for any claim in addition to the compensation fixed; but we are not prepared to say that the law

amounts to a prohibition· to the police jury to make a contract for increased or extra compensation in particular cases. And if the police jury have power to make such contracts, the wisdom or improvidence of its exercise is not within the control of the courts. 12 An. 554, 14 An. 69.

The reason set up in the answer is not a sufficient one to declare the contract "futile and unwarranted." Plaintiff is, hence, entitled to the $3000 additional fee.

In the various suits defended by him, judgments were rendered in the district court against the parish for an aggregate of about $35,663 48 in principal, with eight per cent. interest, for an average of about four years. These judgments were reversed in the Supreme Court, which released the parish from a liability of about $47,000; the five per cent commissions on this sum are $2350, for which plaintiff is entitled to a judgment on the prayer filed in this court, instead of $1570 90 allowed by the lower court.

It is therefore ordered that the judgment appealed from be increased from $4570 90 to $5350 with the interest allowed, and that as thus amended it be affirmed with costs of appeal.